UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Deborah Moreno, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:26-cv-00424-SE-TSM |
| | § | |
| Dartmouth-Hitchcock Medical Center, | § | |
| Defendant. | § | |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant Dartmouth-Hitchcock Medical Center, by and through its counsel, Sulloway & Hollis, P.L.L.C., hereby answers plaintiff's Complaint ("Complaint") as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of ¶ 1 of the Complaint.

2. Denied.

3. Defendant admits that plaintiff became employed by Mary Hitchcock Memorial Hospital as an Environmental Services Technician on or about February 3, 2025, and that her last day of work was April 3, 2025, due to her voluntary resignation. Defendant denies plaintiff was subjected to a hostile work environment and discrimination and/or is entitled to any of the damages she seeks.

4. Denied.

5. Denied.

6. Defendant denies plaintiff is entitled to any relief for the averments in her Complaint, including the relief sought set forth in "Item A." Except as expressly admitted above, defendant denies each and every averment in the Complaint.

# AFFIRMATIVE AND OTHER DEFENSES

Defendant has not completed its investigation of the Complaint, has not completed discovery in this matter, and has not completed its preparation for trial.  The defenses stated herein are based on defendant's knowledge, information, and belief at this time, and defendant specifically reserves the right to modify, amend, or supplement its defenses at any time.  Subject to the foregoing, in addition to its general denial and without admitting it has the burden of proof with respect to any such defense, defendant asserts the following additional defenses to the Complaint:

1.     The Complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

2.     The Complaint fails to state a claim upon which relief can be granted.

3.     Plaintiff's Complaint fails to allege each of the essential elements of a viable cause of action or contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.

4.     Some or all of plaintiff's claims may be barred by the applicable statute of limitations, the doctrine of laches, or are otherwise untimely.

5.     Plaintiff's last day of work was April 3, 2025, but she did not file an administrative charge until January 30, 2026.  Also, in her administrative charge, plaintiff asserted the date of the "most recent job action" she thought was discriminatory was March 11, 2025.  As such, the EEOC properly dismissed plaintiff's administrative charge because it was not timely filed.

6.     Plaintiff failed to exhaust her administrative remedies.

7.     No adverse action was taken against plaintiff.

8. Plaintiff voluntarily resigned from her employment.

9. Plaintiff's claims are barred, in whole or in part, for failure to set forth the essential elements of a cause of action under Title VII of the Civil Rights Act of 1964 ("Title VII").

10. Plaintiff cannot establish a prima facie case of discrimination under Title VII.

11. Defendant was not plaintiff's employer.

12. Plaintiff was not harassed by any employee, let alone harassed for any unlawful reason.

13. Plaintiff was not subjected to harassment so severe or pervasive as to alter the terms and conditions of her employment.

14. Plaintiff cannot show that her work conditions were made so difficult or unpleasant that a reasonable person in her shoes would have felt compelled to resign.

15. Plaintiff cannot show that her work conditions were so intolerable that her decision to resign was void of choice or free will and her only option was to quit.

16. Plaintiff cannot show that she was subjected to harassment so severe and oppressive that staying on the job while seeking redress was intolerable.

17. Plaintiff cannot establish a nexus between any protected conduct and any alleged retaliatory act.

18. Plaintiff cannot establish that the alleged conduct was impermissibly motivated by a retaliatory animus or had a causal connection to any protected conduct.

19. Plaintiff cannot show that she was subjected to a calculated effort to pressure her to resign through the imposition of unreasonably harsh conditions.

20. Evaluation of a constructive discharge must take into account how the employer responded to the employee's complaints and whether it was likely the alleged harassment would continue.

21. An employee who resigns without affording her employer a reasonable opportunity to address her concerns has not been constructively discharged.

22. Plaintiff cannot show an objectively reasonable employee would have felt the same lack of free will and inescapable need to resign.

23. Plaintiff's claims are barred, in whole or in part, because she failed to take advantage of preventative or corrective opportunities to avoid harm or otherwise.

24. Plaintiff's claims are barred, in whole or in part, because she failed to exhaust her administrative remedies or otherwise failed to comply with the procedural requirements for maintaining her action.

25. Plaintiff's claims are barred, in whole or in part, to the extent her administrative charge does not assert certain claims set forth in the Complaint or claims against all parties to this action.

26. Plaintiff's administrative charge alleges "sex-based harassment," but she only reported alleged race/ethnicity discrimination (which allegations were determined to be unfounded).

27. Defendant was not acting with any animus against plaintiff on account of her sex or any other protected classification.

28. Defendant's actions were all based on legitimate, non-discriminatory, non-pretextual, and non-retaliatory reasons.

4

29. Plaintiff was an at-will employee who could leave her job at any time for any reason and who could be discharged at any time for any reason.

30. Defendant was not obligated to tolerate plaintiff's poor job performance and attendance regardless of the cause.

31. Plaintiff was not retaliated against for engaging in any protected conduct.

32. Plaintiff cannot establish a causal connection between any protected conduct and any adverse employment action.

33. Plaintiff cannot establish that any protected conduct was the "but-for" cause of any adverse employment action.

34. Plaintiff is not entitled to a jury trial with respect to all of her claims.

35. Plaintiff is estopped from asserting her claims due to her own acts, conduct, or omissions.

36. Plaintiff is not entitled to the damages she seeks, and certain categories of damages may be limited by law.

37. Defendant has not violated any of plaintiff's rights under any federal or state law.

38. Plaintiff may be barred, in whole or in part, from recovering damages by the after-acquired evidence doctrine.

39. Plaintiff is barred from recovery to the extent that she engaged in misconduct, violated her employer's policies, or engaged in other conduct that would have resulted in her discharge, or would have precluded her from maintaining employment had her employer discovered the conduct.

40. Plaintiff's damages, if any, were caused by her own conduct.

41. Plaintiff has failed to mitigate or reasonably attempt to mitigate her damages, if any, as required by law.

42. To the extent plaintiff has received any income from other employment and other sources subsequent to her discharge, such monies must be offset against any damages allegedly due plaintiff from defendant.

43. Plaintiff is not entitled to recover any compensatory or any other damages, and any request for such damages should be stricken because plaintiff has failed to plead facts sufficient to support such damages.

44. Plaintiff has failed to allege facts sufficient to support compensatory or other damages.

45. Defendant reserves the right to rely on any additional affirmative defenses and further defenses as may be supported by facts to be determined.

46. Plaintiff's claim for damages (and certain categories of damages) are limited by any applicable statutory limits.

47. To the extent any alleged retaliatory conduct was committed by agents of defendant (which defendant denies), the conduct was outside the scope of the agents' authority and was contrary to defendant's good faith efforts to comply with federal or state law.

48. Plaintiff was not discharged out of bad faith, malice, or retaliation because she performed acts that public policy would encourage or refused to perform acts that public policy would condemn.

49. Any wrongful discharge claim fails because it is preempted or otherwise barred because of the availability of federal and state statutory remedies.

50. Defendant reserves the right to rely on any additional affirmative defenses as may be supported by facts to be determined.

WHEREFORE, defendant respectfully requests that plaintiff's Complaint be dismissed and that it be granted its costs incurred in defending this case, including attorney's fees, as well as all other proper relief to which it may be entitled.

Respectfully submitted,

DARTMOUTH-HITCHCOCK MEDICAL CENTER

By Its Attorneys,
SULLOWAY & HOLLIS, P.L.L.C.

Dated: June 3, 2026                    By:   /s/ William D. Pandolph, Esq
                                             William D. Pandolph, Esq. #5579
                                             9 Capitol Street
                                             Concord, NH 03301
                                             (603) 223-2862
                                             wpandolph@sulloway.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day the foregoing document filed through the ECF system will be mailed to Deborah Moreno at 105 Beech Street, Newport, NH 03774.

DATED: June 3, 2026                    By:   /s/ William D. Pandolph, Esq.
                                             William D. Pandolph, Esq.