**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

DEBORAH MORENO

    v.                                               Civil No. 26-cv-424-SE-TSM

DARTMOUTH HITCHCOCK
MEDICAL CENTER

## ORDER

Self-represented Plaintiff Deborah Moreno brings this action against her former employer, Dartmouth Hitchcock Medical Center, alleging "sex-based harassment and retaliation" in violation of Title VII.  Doc. Nos. 1-1, 1-2.  Ms. Moreno initially filed her Complaint in state court in April 2026, and Defendant removed the case to federal court in May 2026.  See Doc. No. 1-1 at pgs. 2–3; Doc. No. 1-4 at pg. 1.  Presently before the court is Ms. Moreno's motion for appointment of counsel.  Doc. No. 5.  For the reasons that follow, the motion is denied.

## DISCUSSION

"There is no absolute constitutional right to a free lawyer in a civil case."  DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  "[A]n indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel."  McCauley v. Groblewski, No. 18-2167, 2020 U.S. App. LEXIS 33967, at *23, 2020 WL 6265069, at *8 (1st Cir. July 28, 2020) (alteration in original) (quoting Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986)).  "Exceptional circumstances are shown when the denial of appointed counsel will result in fundamental unfairness impinging on a litigant's due process rights."  Id. (citing DesRosiers, 949 F.2d at 24).  When deciding whether court-appointed counsel is justified, the court also weighs the totality of the circumstances, including "the complexity of the factual and legal issues involved

and plaintiff's ability to bring the case [herself,]" Denson v. Mici, 581 F. Supp. 3d 330, 333 (D. Mass. 2022), as well as plaintiff's "ability to conduct whatever factual investigation is necessary to support . . . her claim[s.]" Cookish, 787 F.2d at 3. The court also considers whether the plaintiff is likely to succeed on the merits of his case. Denson, 581 F. Supp. 3d at 333.

As grounds for her motion to appoint counsel, Ms. Moreno states that Defendant is represented by "an experienced corporate law firm[;]" she faces financial hardship and is unable to afford counsel; her case has "substantial factual merit" that is backed by evidence; and that court-appointed counsel would "ensure a fair adjudication" where Defendant's counsel "already demonstrated a rush to litigation, including filing sloppy, legally inaccurate dates on their official Notice of Removal[.]"[1] Doc. No. 5 at pg. 1. However, none of the factors Ms. Moreno lists amount to exceptional circumstances that warrant the appointment of counsel.

Although this case is in the early stages of litigation, Ms. Moreno's Complaint and motion for counsel demonstrate that she can clearly and cogently assert her claims and the facts and arguments supporting those claims. Notwithstanding Ms. Moreno's characterization of her case as complex, Ms. Moreno's claims raise straightforward issues of employment discrimination that she can investigate fully and, therefore, do not call for the appointment of pro bono counsel at this stage in the litigation. See, e.g., Scoggins v. MacEachern, No. 04-10814-PBS, 2010 U.S. Dist. LEXIS 91022, at *4, 2010 WL 3169416, at *1 (D. Mass. Aug. 10, 2010) ("The rare cases warranting appointment of counsel in the interests of justice typically involve nonfrivolous claims

---

[1] Defense counsel filed a response, in which counsel acknowledged that he mistyped the date Ms. Moreno filed her Complaint in paragraph 8 of their Notice of Removal, but otherwise denied Ms. Moreno's assertion that the Notice contained multiple inaccurate dates. Doc. No. 6 at pg. 1. Notwithstanding Defense counsel's error and for the reasons explained in this Order, Ms. Moreno has not presented the court with exceptional circumstances that warrant the appointment of counsel.

2

with factually and/or legally complex issues and a petitioner who is severely hampered in his ability to investigate the facts."); cf. Ratliff v. Wall, No. 15-439 S, 2016 U.S. Dist. LEXIS 67310, at *6–7, 2016 WL 2997465, at *2 (D.R.I. May 23, 2016) (prisoner's limited knowledge of the law and need for guidance are not exceptional circumstances).

Finally, Ms. Moreno's claim that Defendant has more resources and experienced counsel than her is hardly unusual and does not constitute exceptional circumstances that warrant the appointment of counsel. See Kris v. Dusseault Family Revocable Tr., No. 18-cv-566-LM, 2019 U.S. Dist. LEXIS 241669, at *2, 2019 WL 13139743, at *1 (D.N.H. July 12, 2019) (observing that plaintiff's inability to afford counsel and "lack of legal training are circumstances that are common to most plaintiffs requesting an appointment of counsel and are thus not exceptional").

Therefore, Ms. Moreno's request for court-appointed counsel (Doc. No. 5) is denied for failure to demonstrate extraordinary circumstances.

SO ORDERED.

_____
Talesha L. Saint-Marc
United States Magistrate Judge

July 2, 2026

cc:    Deborah Moreno, pro se
       Counsel of Record